Norman E. Siegel (*admitted pro hac vice*)
siegel@stuevesiegel.com
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Phone: (816) 714-7100
Fax: (816) 714-7101

Thomas S. Stewart (*admitted pro hac vice*)
stewart@swm.legal
Stewart, Wald & McCulley, LLC
2100 Central, Suite 22
Kansas City, Missouri 64108
Phone: (816) 303-1500
Fax: (816) 527-8068

Plaintiff's Interim Co-Lead Counsel

*[See Additional Counsel on Signature Page]*

FILED
ENTERED
COUNSEL/PARTIES OF RECORD

APR 20 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHERYL A. TINDER-HOWELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, successor to SOUTHERN PACIFIC TRANSPORTATION COMPANY, SFPP, L.P. (formerly known as SANTA FE PACIFIC PIPELINES, INC., formerly known as SOUTHERN PACIFIC PIPELINES, INC.), KINDER MORGAN OPERATING L.P. "D", and KINDER MORGAN G.P., INC.,<br><br>Defendants. | <u>CLASS ACTION</u><br><br>CASE NO. 3:15-cv-00317-LRH-(VPC) (consolidated with 3:15-cv-00478)<br><br><u>JOINT CASE MANAGEMENT REPORT</u><br><br><u>SPECIAL SCHEDULING REVIEW REQUESTED</u> |

Plaintiff Cheryl A. Tinder-Howell ("Plaintiff"), Defendant Union Pacific Railroad Company ("Union Pacific"), and Defendants SFPP, L.P., Kinder Morgan Operating L.P. "D", and Kinder Morgan G.P., Inc.'s (collectively, "Kinder Morgan"), jointly submit this Joint Case Management Report.[1]

**1.   Statement of the Nature of the Case:**

Kinder Morgan operates a subterranean petroleum pipeline that runs beneath the rights-of-way of Union Pacific through six Western States, including within Nevada.

Plaintiff's Claims:

Plaintiff filed this case on behalf of a putative class of persons who contend they own real property adjoining and underlying the railroad right-of-way underneath which the pipeline is located. Plaintiff alleges that Union Pacific has purported to lease an easement in the subsurface to Kinder Morgan and collected and attempted to collect rents for Kinder Morgan's use of the subsurface of the right-of-way for a petroleum pipeline. Plaintiff alleges that she and the Class are the true owners of the subsurface through which that pipeline runs.

The First Cause of Action is for declaratory judgment, and seeks a declaration that Defendants have no legal right to use or to occupy land owned by Plaintiff and the Class and no legal right to collect rent or profit from the use of Plaintiff's and the Class's land. The Second Cause of Action for trespass seeks to recover damages to Plaintiff and the Class from Defendants on the basis that they had and have no legal right to grant "easements" in, to occupy, or to operate a pipeline within property owned by Plaintiff and the Class. The Third Cause of Action is for quiet title, and seeks the Court's judgment

---

[1] Because the parties are in agreement regarding this Joint Case Management Report, per the Court's Order of March 21, 2016 that "[o]ut-of-town and out-of-state counsel" may appear by telephone, the parties agree that their out-of-town and out-of-state counsel will only participate by telephone. *See* Doc. No. 120.

quieting title in the aforementioned subsurface real property solely in the respective names of Plaintiff and the Class, free and clear of any claimed interest by Defendants. <u>The Fourth Cause of Action</u> is for ejectment, and seeks to recover from Defendants possession of the real property owned by Plaintiff and the Class, and for rents, profits, and the reasonable cost of repair or restoration of the property to its original condition. <u>The Fifth Cause of Action</u> is for inverse condemnation, and seeks to recover compensation for the Plaintiff's and Class's subsurface rights that have already been taken and sold. <u>The Sixth Cause of Action</u> is for unjust enrichment, and seeks to recover the benefits that have been unjustly obtained and retained by Defendants as a result of their use and occupation of property owned by Plaintiff and the Class. <u>The Seventh Cause of Action</u> is for an accounting of the benefits that the Defendants have obtained by virtue of their use and occupation of property owned by Plaintiff and the Class.

<u>Defendants' Defenses:</u>

Plaintiff cannot meet her burden to establish the class certification requirements under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff has not established her own standing, and she will not be able to establish standing for absent putative class members on a representative basis. Plaintiff does not state valid claims for relief, and in particular, each of Plaintiff's causes of action is subject to dispositive motions.

Plaintiff's claims are barred by, among other factual and legal reasons relating to title, legal defenses including waiver, consent, laches, the applicable statutes of limitations, superior rights, condemnation, adverse possession, prescriptive easement, and/or operation of law. Plaintiff and the alleged Class have not sustained any damage and they are not entitled to any amount of recovery, attorney's fees, interest, or other costs. Defendants' investigation is ongoing and Defendants reserve the right to assert additional defenses.

2. **A Description of the Principal Factual and Legal Disputes in the Case:**

The nature of the parties' property interests in the right-of-way;

Whether Plaintiff can establish the certification requirements of Rule 23 of the Federal Rules of Civil Procedure;

Whether Union Pacific had sufficient property interests in the subsurface of its right-of-way to convey property rights in the subsurface beneath its right-of-way to Kinder Morgan;

Whether Defendants sought and/or obtained the consent of Plaintiff and the Class to install, maintain, lease, and operate a pipeline underneath Union Pacific's right-of-way;

What Defendants knew or had reason to know regarding Union Pacific's ownership interest in the subsurface underneath its right-of-way;

Whether Union Pacific's activities were outside the scope of its easement;

Whether the building, operation, and maintenance of a subterranean pipeline beneath the railway right-of-way may be severed from the railroad use and terminated;

Whether Union Pacific's easement was terminated;

Whether Plaintiff's and the Class's claims are barred by waiver, consent, laches, the applicable statutes of limitations, superior rights, condemnation, adverse possession, prescriptive easement, and/or operation of law;

Whether Defendants acted with malice or reckless indifference;

Whether Defendants have profited or been unjustly enriched by use of the property allegedly owned by Plaintiff and the Class;

Whether Plaintiff and the Class sustained any damages and, if so, the nature and extent of any such damages;

Whether Plaintiff and the Class may seek or recover attorneys' fees, pre-judgment

and post-judgment interest, costs, actual damages, exemplary and/or punitive damages, restitution, and declaratory, injunctive, or equitable relief.

The parties' investigation is ongoing and the parties reserve the right to assert additional legal and factual issues.

3. **Jurisdictional Bases for the Case:** Subject matter jurisdiction exists pursuant to the minimal diversity and amount in controversy provisions of the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d). Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). This case is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Plaintiff is a citizen of Nevada. Defendant Union Pacific is a citizen of Nebraska and/or Delaware. Therefore, "any member of a class of plaintiffs is a citizen of a State different from any defendant," and federal jurisdiction exists under 28 U.S.C. § 1332(d)(2)(A). Additionally, the real property which forms the subject matter of this action is located within the State of Nevada.

4. **Parties Who have Not been Served:** None.

5. **Additional Parties and Amendment of Pleadings:** It is presently unknown whether additional parties will be added. Defendants are evaluating whether there are any absent, necessary parties. Defendants are also evaluating whether to file cross (counter)-complaints and/or complaints against third parties. Additionally, Plaintiff does anticipate amending her complaint as needed based on discovery and other initial case developments. The parties request the deadline to add other parties or claims be set for **August 1, 2016**. The parties request the deadline to file amended pleadings be set for

August 1, 2016.

6. **List of Motions and Statement of Issues to be Decided by Motions:**

Defendants anticipate filing motions for summary judgment, motions to strike, Daubert motions, and motions in limine. Defendants' investigation is ongoing and Defendants reserve the right to bring additional motions in the future.

Plaintiffs anticipate filing a motion for class certification pursuant to Fed. R. Civ. P. 23 and pretrial evidentiary motions.

7. **Pending Motions that May Affect the Parties' Abilities to Comply with a Case Management Order:** There are no pending motions that will affect the parties' ability to comply with a case management order.

8. **Status of Related Cases Pending Before Other Courts or Other Judges of This Court:** Due to the Court's consolidation order (Doc. No. 92), there are no related cases pending before this Court.

This case is related to three cases pending in other United States District Courts: *Mooney, et al. v. Union Pac. R.R. Co., et al.*, District of Arizona, Case No. 2:15-cv-01092 (the "Arizona Related Case"); *In re SFPP Right-of-Way Claims*, Central District of California, Case No. SACV 15-00718 (the "California Related Case"); and *Meerscheidt, et al. v. Union Pac. R.R. Co., et al.*, District of New Mexico, Case No. 2:15-cv-00514 (the "New Mexico Related Case"), (collectively with this action, the "Related Cases").

(a) **The Arizona Related Case:** Plaintiffs' Consolidated Class Action Complaint ("Complaint") was filed on January 15, 2016. Defendants each answered the Complaint and filed counterclaims on February 23, 2016. On March 18, 2016, Defendant Union Pacific filed amended counterclaims. On April 1, 2016, Plaintiffs answered Kinder Morgan's counterclaims, and moved to partially dismiss Union Pacific's counterclaims. Union Pacific's deadline to respond to Plaintiff's motion to dismiss is April 18, 2016. A

case management conference is scheduled for May 6, 2016.

**(b) The California Related Case:** Plaintiffs' Complaint was filed on November 30, 2015. After motion practice, Defendants each answered the Complaint and filed counterclaims on March 4, 2016. On April 8, 2016, Plaintiffs answered Kinder Morgan's counterclaims, and moved to partially dismiss Union Pacific's counterclaims. Union Pacific's deadline to respond to Plaintiffs' motion to dismiss is April 18, 2016. Plaintiffs' motion to dismiss is set for hearing on May 9, 2016. A status conference is scheduled for June 2, 2016.

**(c) The New Mexico Related Case:** Plaintiffs' Complaint was filed on February 26, 2016. Defendants each answered the Complaint and filed counterclaims on March 28, 2016. Also on March 28, 2016, Kinder Morgan filed a motion to compel arbitration as to one of the named plaintiffs. The deadline to respond to Kinder Morgan's motion to compel arbitration is April 15, 2016; however, the deadline will likely be extended to April 21, 2016. Plaintiffs' deadline to respond to Defendants' counterclaims is April 21, 2016.

9.   **Supplemental Discussion of Necessary Discovery:**

(a)   **The extent, nature, and location of discovery anticipated by the parties:**

The parties anticipate that discovery will relate to the claims and defenses identified above. The parties anticipate discovery encompassing records dating from the mid-19th century to the present. The parties request that discovery proceed in accordance with the Federal Rules of Civil Procedure, however, the parties anticipate prioritizing discovery needed to create an evidentiary record upon which Plaintiff's class certification motion(s) can be briefed and decided consistent with the briefing schedule set forth below. Additionally, the parties propose that the discovery will be shared by all parties in the Related Cases. In that regard:

- Documents produced in any of the Related Cases should be treated as having been produced in all of the Related Cases;

- Written discovery produced in any of the Related Cases should be treated as having been produced in all of the Related Cases;

- Fact depositions taken in any of the Related Cases should be deemed to have been taken in all the Related Cases; and

- Witnesses should be deposed only once, wherever possible.

The parties will endeavor to coordinate discovery and eliminate duplicative discovery where possible. Judge Campbell in the Arizona Related Case denied plaintiffs' motion for a coordination order (Defendants opposed the motion), which would have designated a lead judge to oversee discovery disputes and provided for uniform discovery rules across the Related Cases. Therefore, beyond informal efforts to coordinate discovery, each of the Related Cases will be litigated on separate tracks.

(b) **Suggested Revisions to the Discovery Limitations Imposed by the Federal Rules of Civil Procedure and LR 26(1)(e):** The parties agree Plaintiff may serve up to 25 interrogatories, including subparts, and 40 requests for admission (other than document authentication, which will have no limit), including subparts, on each Defendant. The parties agree Defendants may jointly serve up to 25 interrogatories, including subparts, and 40 requests for admission (other than document authentication, which will have no limit), including subparts, on Plaintiff and any future named Plaintiff.

(c) **The Number of Hours Permitted for Each Deposition:** The parties agree to follow the time limits specified in the Federal Rules of Civil Procedure. Nothing herein prevents a party from seeking an order allowing additional time to complete a deposition.

10. **Issues Relating to Electronically Stored Information ("ESI"):** The

parties request the Court enter the electronically stored information ("ESI") discovery protocol filed simultaneously with this Joint Case Management Report.

**11. Issues Relating to Claims of Privilege or Work Product:** The parties request the Court enter the protective order and an order regarding the disclosure of privileged information filed simultaneously with this Joint Case Management Report.

**12. Scheduling:** The parties request that the deadlines in this lawsuit track the deadlines set forth in the Related Cases. Specifically, the parties request that the deadlines in this case be staggered 60 days later than the deadlines set in the California Related Case (as set forth below).

(a) **A deadline for the completion of discovery:** The parties request the close of discovery deadline be set on **August 14, 2017.**

(b) **A deadline for amending the pleadings and adding parties:** The parties request that the deadline to amend pleadings and add parties without leave of Court be set on **August 1, 2016.**

(c) **Dates for complete disclosure of expert testimony:**

The parties request the Court set the following deadlines: (1) Plaintiffs' deadline to provide expert disclosures under Rule 26(a)(2)(A)-(C) relating to class certification be set for **January 6, 2017**; (2) Defendants' deadline to provide expert disclosures under Rule 26(a)(2)(A)-(C) relating to class certification be set for **February 6, 2017**; (3) the deadline for rebuttal expert disclosures relating to class certification, if any, be set for **February 20, 2017**; and (4) expert depositions relating to class certification be completed by **March 6, 2017.**

The parties request the Court set the following deadlines: (1) Plaintiff's deadline to provide expert disclosures under Rule 26(a)(2)(A)-(C) be set for **June 26, 2017**; (2) Defendants' deadline to provide expert disclosures under Rule 26(a)(2)(A)-(C) be set for

July 24, 2017; (3) the deadline for rebuttal expert disclosures, if any, be set for **August 7, 2017**; and (4) expert discovery be completed by **August 21, 2017**.

    (d)    **A deadline for the filing of dispositive motions:** The parties request the deadline for filing dispositive be set on **October 2, 2017**.

    (e)    **A date by which the parties will file the joint pretrial order:** The parties request the deadline for filing the joint pretrial order be set on **November 6, 2017**.

    13.    **N/A (Relating to Patent Cases).**

    14.    **Whether a Jury Trial has been Requested and Whether the Request for a Jury Trial is Contested:** A jury trial has been requested by Plaintiff and that request is not contested.

    15.    **The Estimated Length of Trial and Any Suggestions for Shortening the Length of Trial:** Although too early to predict given the complex nature of the issues, the parties presently anticipate the trial lasting 3 to 6 weeks. Pre-admitting undisputed exhibits could help shorten the length of trial.

    16.    **The Prospects for Settlement:** The parties have generally discussed use of alternative dispute resolution procedures. The parties prefer private mediation. The parties propose that the parties complete mediation no later than **October 17, 2016**.

    17.    **Any Other Matters:** The parties request the following deadlines: (1) Plaintiff's deadline to file a motion for class certification be set for **March 27, 2017**; (2) Defendants' deadline to file their responses to Plaintiff's motion for class certification be set for **May 14, 2017**; and (3) Plaintiff's deadline to file a single reply, addressing arguments made by both Defendants, be set for **June 19, 2017**.

| | | |
|---|---|---|
| 1 | Dated: April 13, 2016 | Respectfully Submitted, |
| 2 | | |
| 3 | | /s/ Norman E. Siegel |
|   | Thomas S. Stewart (*admitted pro hac vice*) | Norman E. Siegel (*admitted pro hac vice*) |
| 4 | Elizabeth G. McCulley | Barrett J. Vahle (*admitted pro hac vice*) |
|   | (*pro hac vice forthcoming*) | Ethan M. Lange (*admitted pro hac vice*) |
| 5 | STEWART, WALD & MCCULLEY, LLC | STUEVE SIEGEL HANSON LLP |
| 6 | 2100 Central, Suite 22 | 460 Nichols Road, Suite 200 |
|   | Kansas City, Missouri 64108 | Kansas City, Missouri 64112 |
| 7 | Phone: (816) 303-1500 | Phone: (816) 714-7100 |
|   | Fax: (816) 527-8068 | Fax: (816) 714-7101 |
| 8 | stewart@swm.legal | siegel@stuevesiegel.com |
| 9 | mcculley@swm.legal | vahle@stuevesiegel.com |
|   | | lange@stuevesiegel.com |
| 10 | Steven M. Wald | |
| 11 | (*pro hac vice forthcoming*) | |
|   | STEWART, WALD & MCCULLEY, LLC | |
| 12 | 100 North Broadway, Suite 1580 | |
|   | St. Louis, Missouri 63102 | |
| 13 | Phone: (314) 720-6190 | |
| 14 | Fax: (314) 899-2925 | |
|   | wald@swm.legal | |

***Plaintiff's Interim Co-Lead Class Counsel***

| | | |
|---|---|---|
| 17 | John W. Cowden (*admitted pro hac vice*) | Francis A. Bottini, Jr. |
|   | Angela M. Higgins (*admitted pro hac vice*) | (*admitted pro hac vice*) |
| 18 | BAKER STERCHI COWDEN & RICE, L.L.C. | BOTTINI & BOTTINI, INC. |
| 19 | 2400 Pershing Road, Suite 500 | 7817 Ivanhoe Avenue, Suite 102 |
|   | Kansas City, Missouri 64108 | La Jolla, California 92037 |
| 20 | Phone: (816) 471-2121 | Phone: (858) 914-2001 |
|   | Fax: (816) 472-0288 | Fax: (858) 914-2002 |
| 21 | cowden@bscr-law.com | fbottini@bottinilaw.com |
| 22 | penticuff@bscr-law.com | |
|   | higgins@bscr-law.com | |

| | |
|---|---|
| J. Robert Sears (*admitted pro hac vice*) | Matthew L. Sharp |
| BAKER STERCHI COWDEN & RICE, L.L.C. | Nevada State Bar No. 4746 |
| 1010 Market Street, Suite 950 | MATTHEW L. SHARP, LTD. |
| St. Louis, Missouri 63101 | 432 Ridge St. |
| Phone: (314) 231-2925 | Reno, Nevada 89501 |
| Fax: (314) 231-4857 | Phone: (775) 324-1500 |
| sears@bscr-law.com | Fax: (775) 284-0675 |
| | Matt@MattSharpLaw.com |

*Additional Plaintiff's Counsel*

Dated: April 13, 2016

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:   /s/ Tammy Webb

Joseph Rebein, admitted *pro hac vice*
jrebein@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547

Tammy B. Webb, *pro hac vice* pending
tbwebb@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104
Telephone:   415-544-1900
Facsimile:   415-391-0281

*Attorneys for Defendant*
*Union Pacific Railroad Company*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: April 20, 2016

| | | |
|---|---|---|
| 1 | Dated: April 13, 2016 | COOLEY LLP |
| 2 | | |
| 3 | | /s/ Summer J. Wynn |
| | | Summer J. Wynn (admitted *pro hac vice*) |
| 4 | | |
| 5 | | Attorneys for Defendants SFPP, L.P., KINDER MORGAN OPERATING L.P. "D," and KINDER MORGAN G.P.. INC. |
| 6 | | |
| 7 | | |

## CERTIFICATE OF SERVICE

I hereby certify that, on April 13, 2016, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system, which transmitted notice of the filing to all counsel of record.

/s/ Norman E. Siegel
Norman E. Siegel