UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHERYL A. TINDER-HOWELL,<br><br>  Plaintiff,<br><br>  v.<br><br>UNION PACIFIC RAILROAD COMPANY, successor to Southern Pacific Transportation Company; SFPP, L.P.; KINDER MORGAN OPERATING L.P.; and KINDER MORGAN G.P., INC.;<br><br>  Defendants. | Case No. 3:15-cv-0317-LRH-VPC<br><br>ORDER |

Before the court is defendant Union Pacific Railroad Company's ("Union Pacific") motion to stay action pending appeal. ECF No. 152. Plaintiff Cheryl A. Tinder-Howell ("Tinder-Howell") and defendants Kinder Morgan Operating L.P. and Kinder Morgan G.P., Inc. (collectively "Kinder") do not oppose the motion to stay. *See* ECF Nos. 153, 154.

**I.     Facts and Procedural Background**

Two years ago, a California appellate court issued an order interpreting several railroad right of ways granted under several congressional acts in *Union Pac. R.R. Co. v. Santa Fe Pac. Pipelines, Inc.*, 180 Cal. Rptr. 3d 173 (Ct. App. 2014). After that action, several putative class actions were initiated across several states against Union Pacific and other railroad operators, including the underlying action. Each of the pending class actions involves the proper interpretation of several 19th century congressional acts that granted rights of way and land for

1

the construction of the transcontinental railroads. In one of those actions filed in the Central District of California, *In re SFPP Right-of-Way Claims*, Case No. 8:15-cv-0718-JVS-DFM, the district court issued an order holding that Union Pacific was not authorized to lease the subsurface of its rights of way for certain oil and fuel pipelines. After its order, the district court granted Union Pacific's motion to certify certain issues, including its recent decision, for interlocutory appeal to the Ninth Circuit which the Ninth Circuit subsequently granted. Thereafter, Union Pacific filed the present motion to stay this action pending resolution of its Ninth Circuit appeal in *In re SFPP Right-of-Way Claims*. ECF No. 152.

**II.    Discussion**

A district court has discretion to stay proceedings pending an appeal of another action pursuant to its own inherent authority to manage its docket. *See Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). Further, a district court "has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Asis Internet Services v. Active Response Grp.*, 2008 WL 4279695, at *3-4 (N.D. Cal. 2008) (citations omitted).

Here, the court has reviewed the pending motion and finds that a stay of this action pending resolution of Union Pacific's appeal is warranted. First, Union Pacific's appeal raises several issues that would materially affect and advance this litigation. Second, there is no hardship to plaintiff by a stay as this action is early in litigation and no substantial action has been taken. Finally, a stay pending resolution of Union Pacific's appeal avoids the possibility of piecemeal litigation and inconsistent outcomes throughout these similar putative class actions. Therefore, the court shall grant Union Pacific's motion and stay this action.

///

///

///

///

2

IT IS THEREFORE ORDERED that defendant's motion for a stay (ECF No. 152) is GRANTED. Defendant Union Pacific Railroad Company shall file a notice to the court of the Ninth Circuit's decision and a motion to lift stay within ten (10) days of the resolution of defendant's appeal in *In re SFPP Right-of-Way Claims*, Case No. 8:15-cv-0718-JVS-DFM.

IT IS SO ORDERED.

DATED this 29th day of November, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE